[Cite as *State v. Byrd*, 2012-Ohio-1849.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY   COUNTY

STATE OF OHIO :
:      Appellate Case No. 24534
         Plaintiff-Appellee :
:      Trial Court Case No. 2011-CRB-349
v. :
:
SHAWN P. BYRD :      (Criminal appeal from
:       Dayton Municipal Court)
         Defendant-Appellant :
:

. . . . . . . . . . .

### O P I N I O N

Rendered on the 27th day of April, 2012.

. . . . . . . . . . .

JOHN DANISH, Atty. Reg. #0046639, and STEPHANIE COOK, Atty. Reg. #0067101, by
SHAUNA HILL, Atty. Reg. #0074569, City Prosecutor's Office, 335 West Third Street,
Room 372, Dayton, Ohio 45402
        Attorneys for Plaintiff-Appellee

KENT J. DEPOORTER, Atty. Reg. #0058487, 7501 Paragon Road, Lower Level, Dayton,
Ohio 45459
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}     Shawn P. Byrd appeals from his conviction and sentence on one count of

domestic violence in violation of R.C. 2919.25(A).

{¶ 2}    In his sole assignment of error, Byrd contends the State presented legally insufficient evidence to prove that he knowingly caused or attempted to cause physical harm to a family member.

{¶ 3}    The record reflects that Byrd and his wife, Chandra, began arguing while driving home from a friend's house on the night of January 14, 2011. During the argument, Chandra exited the car, ran to a nearby house, and asked to use a telephone. She then called 911 and told the operator that Byrd had "just jumped on [her] and pulled [her] hair out and he beat [her]." Upon further questioning by the operator, Chandra reported that he had "pulled all [her] hair out of [her] head and everything." She added that he "hit [her] in the top of [her] head [and] tried to * * * beat [her] again." The record also contains a police statement signed by Chandra in which she alleges that Byrd threatened to kill her, hit her, and pulled her hair out. Finally, the record contains a photograph of what appears to be a clump of Chandra's hair on the passenger's seat of Byrd's car.

{¶ 4}    Based on Chandra's allegations, Byrd was arrested and charged with domestic violence and other offenses not at issue here. The case proceeded to a January 27, 2011, bench trial. The primary witness at trial was Chandra. Upon being called by the prosecution, she recanted her earlier allegations and insisted that Byrd did nothing more than inadvertently pull her hair while trying to grab her coat. Chandra testified that she remembered making a 911 call and signing a police statement. She denied having any recollection of what she said during the call or what is in the statement. She specifically denied that Byrd hit or threatened her on the night in question.

{¶ 5}    The only other witness at trial was police officer Robert Simison, who

responded to Chandra's 911 call. Simison testified that Chandra wrote the police statement in his presence. The trial court sustained a hearsay objection when Simison attempted to testify concerning what Chandra orally told him about the incident. Simison also identified a picture of Chandra and a picture of the hair in Byrd's car.

{¶ 6}    Over Byrd's objection, the trial court admitted a recording of Chandra's 911 call into evidence as an excited utterance. The trial court also admitted Chandra's police statement, reasoning, "As for the police statement, it's fairly evident that we had a difficult witness to say the least, and I'm going to admit it if for nothing else than to show her prior recollection at the time." Finally, the trial court admitted the picture of Chandra and of the hair in Byrd's car. The trial court then found Byrd guilty of domestic violence as a first-degree misdemeanor, dismissed four other charges, and sentenced him accordingly.

{¶ 7}    On appeal, Byrd challenges the legal sufficiency of the evidence to prove that he acted with the requisite mental state of "knowingly." The domestic violence statute, R.C. 2919.25(A), provides: "No person shall knowingly cause or attempt to cause physical harm to a family or household member." A person acts "knowingly" when he is aware that his conduct probably will cause a certain result. R.C. 2901.22(B). Relying on Chandra's trial testimony, Byrd contends he merely tried to grab her coat to keep her inside the car and inadvertently pulled her hair. He claims this evidence is legally insufficient to establish that he "knowingly" caused or attempted to cause her physical harm.

{¶ 8}    When a defendant challenges the sufficiency of the evidence, he is arguing that the State presented inadequate evidence on at least one element of the offense to sustain the verdict as a matter of law. *State v. Hawn*, 138 Ohio App.3d 449, 471, 741 N.E.2d 594 (2d

Dist.2000). "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.*" State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 9}     With the foregoing standards in mind, we conclude that the State presented legally sufficient evidence to support Byrd's conviction. Although Chandra recanted her allegations at trial, a recording of her 911 call was admitted as substantive evidence against Byrd. On appeal, Byrd has not challenged this evidentiary ruling, which was correct in any event. *Compare State v. Byrd*, 160 Ohio App.3d 538, 2005-Ohio-1902, 828 N.E.2d 133, ¶ 17–21 (2d Dist.).

{¶ 10}    On the recording, which was played at trial, Chandra accused Byrd of beating her, hitting her, and pulling her hair out. This evidence, which the trial court was entitled to credit, is legally sufficient to support a finding that he knowingly caused or attempted to cause physical harm. The substantial quantity of Chandra's hair in Byrd's car also supports his conviction. *Compare State v. Swaby*, 9th Dist. Summit No. 24528, 2009-Ohio-3690 (finding legally sufficient evidence to support the defendant's domestic-violence conviction, despite the victim's recantation at trial, based on the victim's 911 call and statements she made to police); *State v. Waltzer*, 8th Dist. Cuyahoga No. 94444, 2011-Ohio-594, ¶28 ("Defendant argues that without the testimony about L.M.'s statements to the police on August 8, 2009, the

evidence only showed that L.M. had a cut on her hand and her head. However, we concluded that her prior statements implicating defendant were admissible as excited utterances.").

{¶ 11} Byrd's assignment of error is overruled, and the judgment of the Dayton Municipal Court is affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.


Copies mailed to:

John Danish
Stephanie Cook
Shauna Hill
Kent J. DePoorter
Hon. John S. Pickrel